CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
March 25, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **Charles O. Shephard,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:24-cv-00244 |
| | ) | |
| v. | ) | Hon. Robert S. Ballou |
| | ) | United States District Judge |
| **Patricia Ann Diamond, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM OPINION**

Plaintiff Charles Shephard brings this action pro se alleging violations of his civil rights by various people and agencies during a parental custody dispute between Shephard and his children's maternal grandparents ("the Diamonds"). For the following reasons, the Defendants' motions to dismiss are **GRANTED**.

**I. Procedural History and Statement of Facts**

Shephard filed his First Amended Complaint on April 1, 2024, in the Eastern District of Virginia. Dkt. 4. The case was subsequently transferred to the Western District of Virginia. Dkt. 6. Shepherd filed his Second Amended Complaint on April 26, 2024.

Shephard generally alleges that Defendants unlawfully withheld his rights as "a parent and person that was a party [in state custody cases]." He alleges "wrongful right termination and withholding of children," and that "[a]ll [of his] rights were taken away without cause." Dkt. 4 at 7.

Shephard asserts a variety of claims under 42 U.S.C. § 1983 against all parties including "Wrongful rights termination"; "Deprivation of rights"; "Deprivation of parental rights"; "Parental alienation -emotional abuse of a child that has never been looked at from [sic] Pulaski

department of social services"; "Destructive parental conflict"; "Inability to 521.US 702 [sic] due process clause of the Fourteenth Amendment without interference of the lower court or of its officers and the department of social services"; "The test of the due process clause [sic] was not clarified and or used by lower court or any government entity that is stated in this case"; "Knowingly and intentionally having personal relationship with the decision making official"; and "Rule 37 interest of amicus curiae." Dkt. 4 at 3.

In addition, Shepherd specifically alleges that Alexander Diamond, his children's maternal grandfather and court appointed custodian, "[had a] personal relationship with decision making officials"; "[had] children removed with no test to due process"; and "depriv[ed him] of paternal rights." *Id.* at 5. Similarly, Shephard alleges Patricia Ann Diamond, the children's maternal grandmother and court appointed custodian "took all action to not allow the plaintiff [] his rights and or ability to [] due process." *Id.* at 5.

Shephard also specifically alleges that Guy Smith, the Director of the Virginia Department of Social Services, is liable because "the Department never contacted [him] when his rights were deprived." *Id.* at 5.

Finally, Shephard alleges that Judge Howard Lee Chitwood "has or had a personal relationship with the Diamonds and provided the Diamonds with the right to not allow [him] to have any Constitutional rights as a parent." *Id.* at 5.

Shephard added three additional defendants in his Second Amended Complaint including Samuel Sidwell, his children's court-appointed guardian ad litem; Judge Bradley W. Finch; the Virginia Department of Child Support Enforcement; and Patricia Ann Parker, his children's mother. Dkt. 8 at 3–6.  The Second Amended Complaint does not include any new allegations but incorporated by reference the First Amended Complaint. *E.g. id.* at 3.

In his First Amended Complaint, Shephard sought 10.2 million dollars for "actual time lost and child support payments [he] paid to the county . . . for unseen circumstances." Dkt. 4 at 9. However, in his Second Amended Complaint, he seeks $20 million. Shephard also clarifies that he does not seek "to overturn any lower court orders for any purpose."  Dkt. 4 at 3.

The Defendants have filed separate motions to dismiss, which are now ripe for review. Dkts. 14, 16, 19, 20, 23, 28.

**II. Standard of Review**

  A.  **12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss an action for lack of subject-matter jurisdiction. In reviewing a Rule 12(b)(1) motion, a court determines whether "plaintiff's allegations standing alone and taken as true plead jurisdiction and a meritorious cause of action." *Allianz Insurance Co. of Canada v. Cho Yang Shipping Co., Ltd.*, 131 F.Supp.2d 787, 789 (E.D. Va. 2000) (quoting *Dickey v. Greene*, 729 F.2d 957, 958 (4th Cir. 1984)). The party seeking to invoke the court's authority bears the burden of establishing subject-matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991), *cert. denied*, 503 U.S. 984 (1992).

"When a defendant files a Rule 12(b)(1) motion challenging subject-matter jurisdiction and relying simply on the allegations of the complaint, the court must take the jurisdictional facts alleged as true—as in the case of a motion filed under Rule 12(b)(6)—and determine, as a matter of law, whether the court has jurisdiction." *Blenheim Cap. Holdings Ltd. v. Lockheed Martin Corp.*, 53 F.4th 286, 292 (4th Cir. 2022), *cert. denied*, No. 22-886, 2024 WL 3014478 (June 17, 2024). "But if the defendant disputes the facts alleged for jurisdiction, providing the court with

3

contradicting facts, the court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts." *Id.* (internal quotation marks omitted). "A Rule 12(b)(1) motion to dismiss should be granted 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Zeigler v. Eastman Chemical Co.*, 54 F.4th 187, 194 (4th Cir. 2022) (quoting *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999)).

### B. 12 (b)(6)

"A complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). I accept all factual allegations in the complaint as true and draw all reasonable inferences in Shephard's favor as the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Legal conclusions, however, are not entitled to the same presumption of truth. *Ashcroft*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (noting that while detailed factual allegations are not required, a plaintiff must still provide more than labels, conclusions, or a "formulaic recitation of the elements of a cause of action").

As Shephard proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted). However, as with all plaintiffs, a *pro se* plaintiff must "demonstrate more than a sheer possibility that a defendant has acted unlawfully," and "articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief." *Hodge v. Gansler*, 547 F.App'x 209, 210 (4th Cir. Nov. 25, 2013)

(quotation marks omitted). Additionally, this judicial solicitude "does not require [district] courts to conjure up questions never squarely presented to them. District judges are not mind readers. Even in the case of *pro se* litigants, they cannot be expected to construct full blown claims from sentence fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . [and] only a complaint that states a plausible claim for relief survives a motion to dismiss." *Hicks v. Kiser*, 2022 WL 4593099, at *2 (W.D. Va. 2022), *aff'd*, 2023 WL 3073531 (4th Cir. 2023).

## II. Judges Chitwood and Finch's Motion to Dismiss

Judges Chitwood and Finch ("Judicial Defendants") move to dismiss for lack of jurisdiction and failure to state a claim. They argue, among other things, that they are entitled to both judicial and Eleventh Amendment immunity. Because I find that Judicial Defendants are entitled to judicial immunity, I grant the motion (Dkt. 21) and dismiss Shepard's claims against Judicial Defendants.

Judicial immunity is critical in "protecting the finality of judgments [and] discouraging inappropriate collateral attacks," as well as "protect[ing] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Id.* at 225 (citing *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). Judges are entitled to absolute immunity to damages resulting from their judicial or adjudicatory acts. *See Forrester v. White*, 484 U.S. 219, 225–26 (1988). Moreover, judges are immune not only from claims for damages, but from all suits, except in two circumstances: (1) when they act outside their judicial capacity; and (2) when they act in a judicial capacity, but with a total lack of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Here, Shephard claims boil down to his objection to Judicial Defendants' decision to terminate

his parental rights during a custody dispute in Virginia state court. This is inherently an act taken in their judicial capacity.

The closest Shephard comes to alleging that Judicial Defendants acted outside of their judicial capacity are his assertions that they "lie[d]," "conspired," and had improper relationships with the Diamonds, Dkt. 26 at 2–3, Dkt. 4 at 5. But these are barren, conclusory assertions, unsupported by any specific facts which if accepted as true, would entitle Shephard to relief. *See Hodge*, 547 Fed.App'x. at 210. These allegations are insufficient to show the judicial defendants acted outside their judicial capacity, and nothing in the record suggests they took any judicial action without jurisdiction. Accordingly, the claims against Judges Chitwood and Finch are dismissed under the doctrine of judicial immunity.

### III.    Sidwell's Motion to Dismiss

Samuel Sidwell, the court-appointed *guardian ad litem* in Shephard's Virginia state case, moves to dismiss the claims against him on two grounds: 1) as a *guardian ad litem*, Sidwell is entitled to judicial immunity; and 2) Shephard fails to state a § 1983 claim against Sidwell because he was not acting under color of state law in performing his duties as guardian ad litem. Because I find that Sidwell is entitled to immunity from claims arising from his work as a *guardian ad litem*, the claims against Sidwell's motion is granted and the claims against him are dismissed.

In *Fleming v. Asbill*, 42 F.3d 886, 889 (4th Cir. 1994) the Fourth Circuit held that a *guardian ad litem* is "immune from § 1983 or *Bivens* liability for misfeasance of their duties" so long as their "actions complained of occurred within the judicial process." The court explained that there are "sound policy reasons to afford immunity to guardians ad litem in custody cases:

> A guardian ad litem must ... be able to function without the worry of possible later harassment and intimidation from dissatisfied parents. Consequently, a grant of

6

> absolute immunity would be appropriate. A failure to grant immunity would hamper the duties of a guardian ad litem in his role as advocate for the child in judicial proceedings.

*Id.* At its core, Shephard's Complaint turns on allegations that the state court process by which Shephard lost custody of his children was unfair. Although, Shephard does not make any specific claims against Sidwell, it is clear from the context that any claim against Sidwell would necessarily arise from Sidwell's role in Shephard's Virginia custody case and thus, within the judicial process.[1] Accordingly, I find that Sidwell is immune from civil suit and Shephard's claims must be dismissed.

### IV.  Virginia Department of Social Services, Division of Child Support Enforcement's Motion to Dismiss

Virginia Department of Social Services, Division of Child Support Enforcement ("Division") moves to dismiss Shephard's Complaint for lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim. Dkt. 28. The Division argues, among other things, that the Court lacks subject matter jurisdiction, in part, because it is entitled to Eleventh Amendment immunity. *Id.* at 28–29. I agree and dismiss Shephard's claims against the Division.

Generally, "[s]tates are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). This immunity has been broadly construed to preclude suits against state agencies as well as the states themselves. *See Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997)

---

[1] Shephard asserts in his opposition to Defendants' motions to dismiss, that Swindell: (1) sent "intimidating emails with the threats of charging plaintiff for attorney/court fees if [the instant] case is not dropped against all Defendants;" and 2) collaborated with the Diamonds in responding to this suit. Dkt. 26 at 1–2. Assuming these allegations are true, and permissible (they were improperly alleged in Plaintiff's opposition brief). They are irrelevant to Shephard's parental rights which were allegedly infringed in state court years before this suit was filed.

7

(internal quotes omitted) (citations omitted). Defendant Division is a Virginia state agency and is, therefore, entitled to the same sovereign immunity as the state of Virginia. Accordingly, the Shephard's claims against the Division must be dismissed.

## V. Guy Smith's Motion to Dismiss

Smith, Director of the Pulaski County Department of Social Services, moves to dismiss Shephard's Complaint for failure to state a claim. He argues that Shephard's allegation that he was never contacted by PCDSS when "[his] rights were deprived" is insufficient to state a plausible claim for relief. Dkt. 23 at 3. I agree and dismiss the claims against Smith.

Shephard sues Smith in his official capacity. Thus, the claims against Smith will be treated as if asserted against the PCDSS. *See Monell v. Dep't. of Social Services of City of New York*, 436 U.S. 658, 699 (1978). To assert a § 1983 claim against a county or county agency, a plaintiff must allege that the county undertook the alleged constitutional deprivation pursuant to an "official policy" or "custom." *See Bruce & Tanya & Assoc., Inc. v. Bd. of Supervisors of Fairfax Cnty., Va.*, 854 Fed.Appx. 521, 529 (4th Cir. May 10, 2021); *Starbuck v. Williamsburg James City Cnty. Sch. Bd.*, 28 F. 4th 529, 533 (4th Cir. 2022). A policy or custom for which a county may be held liable can arise in four ways:

> (1) through an express policy such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (alteration in original) (cleaned up).

Here, Shephard makes no allegations suggesting that PCDSS alleged failure to notify him about the deprivation of his rights was the product of an official policy or custom. For example, Shephard does not allege why contact was necessary, what contact was made or should have

8

been made, who was responsible for that contact or even who failed to contact him. In the absence of these kinds of allegations, Shephard's claim against Smith must be dismissed.

## VI.     Alexander and Patricia Diamond's Motion to Dismiss

Alexander and Patricia Diamond, the guardians of Shephard's children, move to dismiss for failure to state a claim under § 1983. They argue that Shephard fails to allege that they "acted under of color state law" and that Shephard's allegations are insufficiently specific. Dkt. 17 at 4. Because I find that Shephard fails to plead that the Diamonds acted "under color of state law," I dismiss the claims against both Defendants.

"To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). A private party acts under state law when he or she "has acted together with or has obtained significant aid from state officials or because his conduct is otherwise chargeable to the State." The private action must be so closely related to state action that it "may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974) (citing *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 176 (1972).

Here, there are no allegations that the Diamonds acted using state authority or with significant aid from state officials. At most, Shephard alleges that the Diamonds "lie[d]," "conspired," and had improper relationships with the Judges Chitwood and Finch. Dkt. 26 at 2–3, Dkt. 4 at 5.  But, as previously noted, these are barren, conclusory assertions, unsupported by any specific facts which if accepted as true, would entitle Shephard to relief. *See Hodge*, 547 Fed.App'x. at 210. Accordingly, Shephard has failed to state a § 1983 claim against the Diamonds, and his claims must be dismissed.

VII.  **Patricia Ann Parker**

The claims against Patricia Ann Parker are also dismissed. Shephard added Parker, the mother of his children, to this suit in his Second Amended Complaint, filed on April 26, 2024. However, he did not provide an address for service, and the U.S. Marshall Service returned Parker's summons unexecuted because they were unable to locate her. The 90-day period for serving Parker expired on July 25, 2024. Shephard did not request an extension, and, as a result, the claims against Parker are dismissed for failure to prosecute. Fed. R. Civ. P. 4(m).

Additionally, even if Parker was properly served, the Court is obligated to dismiss the claims against her under 28 U.S.C. § 1915 (e)(2)(ii). The statute requires the court to dismiss a complaint filed *in forma pauperis* if, at any time, it determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915 (e)(2)(ii). Here, Shephard does not make *any* specific allegations against Parker. Accordingly, he fails to state a plausible claim for relief against her and the claims are properly dismissed.

**IV. Conclusion**

For the reasons set forth above, Defendants Chitwood, Finch, Swindell, and Virginia Department of Social Services Division of Child Support Enforcement's motions to dismiss are **GRANTED** and Shephard's claims against them are **DISMISSED** with prejudice. Defendants Patricia and Alexander Diamond and Guy Smith's motions to dismiss are **GRANTED** and Shephard's claims against them are **DISMISSED** without prejudice. Shephard's claims against Defendant Patricia Parker are **DISMISSED** without prejudice**.**

An appropriate order shall follow.

                                                  Entered: March 25, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge